United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Luis E. Gonzalez and Lizet B. Gonzalez, Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 20-20747-Civ-Scola |
| Scottsdale Insurance Company, Defendant. | | |

### Order on the Plaintiff's Motion to Strike Affirmative Defenses

Now before the Court is the Plaintiffs Luis E. Gonzalez ("Luis") and Lizet B. Gonzalez's ("Lizet") motion to strike several of the Defendant's affirmative defenses. For the reasons set forth below, the Court **denies** the Plaintiffs' motion (**ECF No. 6**).

The Plaintiffs filed this suit against their insurance company, the Defendant Scottsdale Insurance Company ("Scottsdale"), claiming that Scottsdale failed to fully pay for damage to their home as required by their insurance policy. (ECF No. 1-2 at 6-9.) Scottsdale timely filed its Answer and Affirmative Defenses. (ECF No. 4.) Now, the Plaintiffs argue that Scottsdale's affirmative defenses must be stricken because (1) the first and (2) second affirmative defenses are contract provisions that do not apply to this case; (3) the third affirmative defense reserving its right for appraisal is insufficient as a matter of law; and (4) the fourth affirmative defense is vague and ambiguous. In response, Scottsdale agreed to withdraw its fourth affirmative defense, but it argues that its first three affirmative defenses are proper. The Court agrees.

Affirmative defenses are not held to the same pleading standard as claims for relief. *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716, 2013 WL 1788503, at *3 (S.D. Fla. Apr. 26, 2013) (Rosenbaum, J.) (noting the differences between the language of Rule 8(a) (governing claims for relief) and Rule 8(c) (governing affirmative defenses)). The *Twombly/Iqbal* jurisprudence does not govern affirmative defenses. *Id.* at 2–3. An affirmative defense is sufficient as long as it provides the opposing party with notice of an additional issue (not directly related to liability) that may be raised at trial so that the opposing party can litigate the new issue. *Cf. Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1999). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005) (Ryskamp, J.) Despite this discretion,

"[a] motion to strike is a drastic remedy, which is disfavored by the courts and will be usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, 2018 WL 4743634, *1 (S.D. Fla. Oct. 2, 2018) (Bloom, J.) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla*, 306 F.2d 862, 868 (5th Cir. 1962)).

The Plaintiffs move to strike Scottsdale's first affirmative defense, that the insurance policy excludes damage caused by a system or appliance, because it does not apply to this case. (ECF No. 6 at 3.) The Plaintiffs assert that because "no loss of any system is included in their estimation of damages," this affirmative defense is not responsive to their claims. (*Id.*) However, this provision has a "possible relation" to this case since it could become known during discovery that a system or appliance caused part of the damage, and therefore striking the defense is inappropriate. *JazAtlanta 519 LLC*, 2018 WL 4743634 at *1. Moreover, courts generally allow contract exclusions or limitations that could limit a plaintiff's claims to be pled as affirmative defenses. *See Kapow of Boca Raton, Inc. v. Aspen Specialty Ins. Co.*, 2017 WL 5159601, *3 (S.D. Fla. Nov. 7, 2017) (Bloom, J.) ("[a]ffirmative [d]efenses are sufficient as a matter of law as they give Plaintiffs notice of the specific coverage and exclusion provisions within the insurance policy upon which Defendant relies to defend against insurance coverage and, in turn, defend against the breach of contract claims"). Here, the affirmative defenses directly quote the insurance policy and are thus pled with the required specificity. The Plaintiffs rely on *New York Discount Plus, Inc.*, which is not analogous to this case. *See New York Discount Plus, Inc. v. Scottsdale Ins. Co.*, 2014 WL 247235, *2 (S.D. Fla. Feb. 5, 2014) (Seitz, J.). In that case, the plaintiff's affirmative defense stated, "Plaintiff's claims against Scottsdale are barred by doctrines of waiver, estoppel, laches, unclean hands and/or acquiescence." *Id.* The Court struck the affirmative defense because the defense "(1) lists five distinct affirmative defenses, each of which must be pled separately, (2) does not suggest how any of those defenses might apply to the instant case, (3) does not identify the elements of any of these defenses, and (4) does not provide or even suggest factual support for any of these defenses." *Id.* Because the affirmative defense here is specific and applies "to the extent that any of the property damage to Plaintiff's dwelling arose from the system or appliance," it is simply not analogous.

The Plaintiffs contend that Scottsdale's second affirmative defense, that the policy excludes damage caused by mold, must be stricken because it does not apply to this case. (ECF No. 6 at 3-4.) The Court declines to strike this affirmative defense for the same reason it declined to strike the first affirmative defense—this exclusion bears a possible relation to the case at hand as it could

become applicable during discovery, and generally contract exclusions are properly pled as affirmative defenses. *See, e.g., JazAtlanta 519 LLC*, 2018 WL 4743634 at *3 (declining to strike affirmative defenses that claim policy terms limit the Plaintiff's claims).

Finally, the Plaintiffs argue that Scottsdale's third affirmative defense—which reserves its right to invoke the policy's appraisal provision—should be stricken. The Plaintiffs contend that this is not an affirmative defense. (ECF No. 6 at ¶ 8.) "As to the first argument, the Plaintiff offers no explanation or citation to authority." *GM Property Corp. v. Capitol Specialty Ins. Corp.*, 2017 WL 1393551, *2 (S.D. Fla. Apr. 18, 2017) (Scola J.) (quoting *Mazel Investments LLC v. Axa Corp. Sols. Excess & Surplus Lines Ins. Co.*, 2010 WL 996539, at *1 (M.D. Fla. Mar. 17, 2010)). Thus, without more, the Court is not persuaded that Scottsdale's request for an appraisal cannot serve as an affirmative defense. *Id.*

In sum, the Court **denies in part as moot** the Plaintiffs' motion to strike (**ECF No. 6**) as to Scottsdale's fourth affirmative defense because Scottsdale agreed to withdraw the defense. The Court **denies in part** the Plaintiff's motion to strike (**ECF No. 6**) as to Scottsdale's first, second, and third affirmative defenses.

**Done and ordered** in chambers in Miami, Florida on April 16, 2020.

Robert N. Scola, Jr.
United States District Judge